## STRAUSS v. YORKVILLE BANK.

(City Court of New York, General Term. July 1, 1900.)

PROCEEDINGS SUPPLEMENTARY TO EXECUTION—RESTRAINING ORDER.

Under Code Civ. Proc. § 2451, giving the judge by whom an order in proceedings supplementary to execution was granted power to restrain any person or corporation, whether a party to the special proceedings or not, from making or suffering any transfer or other disposition of the property of the judgment debtor, or the property or debt concerning which any party is required to attend and be examined, where a judgment creditor of plaintiff's husband in such proceedings procured an order for the examination of an officer of a bank, under an allegation that money of the plaintiff's husband was deposited in her name, and also restraining the bank from paying out any money deposited to her credit, the bank was not liable to plaintiff for refusing to pay a check drawn on her deposit on the

day following such order, since the enjoining power under the statute is not limited in operation to the debtor, but extends to property concerning which any person may be required to attend and be examined.

Appeal from trial term.

Action by Rebecka Strauss against the Yorkville Bank. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCHUCHMAN and HASCALL, JJ.

Guggenheimer, Untermeyer & Marshall, for appellant.
Engel, Engel & Oppenheimer, for respondent.

HASCALL, J. It appears that the appellant bank had on deposit certain moneys of plaintiff; that a creditor having a judgment against her husband procured an order, in proceedings supplementary to execution, for the examination of an officer of the bank, upon allegation that the appellant had in its possession moneys of the judgment debtor, or an account in the name of R. Strauss, the wife of such debtor. With such order was the usual injunction. The day following the date and service of the order, respondent drew her check to one Bernheim against the deposit. The bank, claiming that it was under restraint by the court, declined to pay the check upon presentation, and suit was brought; the action resulting in direction, by the learned justice presiding at trial term, of judgment in favor of plaintiff upon the ground that the restraining order did not enjoin defendant from paying out the moneys to plaintiff or her order, since she herself was not the judgment debtor. The case must swing upon the fact as to whether or not the bank could have honored the check without violation of the order of injunction. With the answer to this query will be found the proper conclusion upon this appeal. We think that the force and effect of the order were not exhausted, as in People v. Randall, 73 N. Y. 416, 422; that it was error to hold that the respondent bank was not under restraint; and that therefore its refusal to honor plaintiff's check was justified. The powers given by law upon granting the enjoining order are not limited in operation to the debtor alone. In terms, they are, "or from suffering any transfer of * * * the property or debt concerning which any person is required to attend," etc. So that it seems clear that, being obliged—First, to attend for examination; second, to prevent transfer of the moneys,— the bank may not be condemned in costs and by judgment because of its obedience to the mandate of the court, and which obedience constitutes the ground of complaint against it. It is not a case where the respondent would have been without means to obtain relief. She could easily have moved to obtain vacation or modification of the restraining order, and the bona fides of the deposit could have been investigated.

Judgment appealed from reversed, with costs, and judgment directed in favor of defendant, dismissing the complaint, with costs.

SCHUCHMAN, J., concurs.